AO 93C (08/18) Warrant by Telephone or Other Reliable Electronic Means ☐ Original ☐ Duplicate Original

# UNITED STATES DISTRICT COURT
for the
District of Kansas

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* ) Case No. 22-mj-08065-ADM
THE PREMISES KNOWN AS: )
4511 W. 93RD Terrace Prairie Village, Kansas 66207 )
)

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____ District of KANSAS
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B

**YOU ARE COMMANDED** to execute this warrant on or before April 22, 2022 *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Honorable Angel D. Mitchell .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued: 04/08/2022 2:05 pm

*Judge's signature*

City and state: Kansas City, Kansas Hon. Angel D. Mitchell
*Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: <br> 22-mj-08065-ADM | Date and time warrant executed: <br> 04/14/2022 6:05AM | Copy of warrant and inventory left with: <br> Bardia Behravesh & Melissa Behravesh |

Inventory made in the presence of :
Melissa Behravesh

Inventory of the property taken and name(s) of any person(s) seized:

See Attached Inventory Log

**Certification**

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 04/14/2022

ROSALINDA ESTRADA-DALLIS
Digitally signed by ROSALINDA ESTRADA-DALLIS
Date: 2022.04.14 13:31:11 -05'00'

*Executing officer's signature*

Rosalinda Estrada-Dallis/ HSI Special Agent

*Printed name and title*

# ATTACHMENT A

## PREMISES TO BE SEARCHED
## 4511 W. 93rd Terrace, Prairie Village, Kansas 66207, (SUBJECT PREMISES)

The SUBJECT PREMISES is a one-story, single-family residence composed of brick and wood. The brick is burgundy in color and the wood is painted yellow. The numbers "**4511**" are clearly marked in black on the right-hand side of the front doors. The residence sits on a corner lot facing north while the 2-car attached garage faces west. The residence has 8 windows in the front of the house and 2 pairs of windows have black shutters.

The SUBJECT PREMISES to be searched includes the residence and storage space.

# ATTACHMENT B
# ITEMS TO BE SEIZED

Authorization is sought to search for and seize evidence that relates to violations of 18 U.S.C. § 2252. Authorization to search includes any detached structures from the primary premises if such additional structures exist that are owned, occupied and/or used by Bardia BEHRAVESH. This authorization includes the search of physical documents and includes electronic data to include deleted data, remnant data and slack space. The seizure and search of computers and computer media will be conducted in accordance with the "Procedures for Electronically Stored Information" provided in the affidavit submitted in support of this warrant. After the initial imaging, the examiner and agents will not further save or copy data unrelated to those violations. To the extent possible, they will minimize the review of unrelated data.

Items to be seized include the following:

    a.    All computer systems, software, peripherals and data storage devices.

    b.    All documents, including all temporary and permanent electronic files and records, (including, but not limited to, JPG, GIF, TIF, AVI, WAV and MPEG files) which contain, attach, or describe child pornography or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

    c.    User-attribution data to include data reflecting who used or controlled the computer or electronic storage device at or around the time that data reflecting criminal activity within the scope of this warrant was created, accessed, deleted, modified, copied, downloaded, uploaded or printed. User-attribution data includes registry information, computer logs, user profiles and passwords, web-browsing history, cookies, electronic mail stored on the computer or device, electronic address books, calendars, instant messaging logs, electronically stored photographs and video, file structure and user-created documents, including metadata.

    d.    Any and all materials or items which are sexually arousing to individuals who are interested in minors, but which are not in and of themselves obscene or which do not necessarily depict minors involved in sexually explicit conduct. Such material is commonly known as "child erotica" and includes written materials dealing with child development, sex education, child pornography, sexual abuse of children, incest, child prostitution, diaries about sexual contact with children, and fantasy writings relating to children.

    e.    Any record or document that shows the offer to transmit or receive any

depictions of a minor engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

      f.      Electronically stored communications or messages reflecting computer on-line chat sessions or e-mail messages with any persons regarding the possession, receipt, distribution, advertising and/or reproduction of child pornography, as defined in as defined in 18 U.S.C. § 2256.

      g.      Any documents, records, programs, or applications that identify the residents of the SUBJECT PREMISES and any vehicles searched and to identify the Internet service provided to the SUBJECT PREMISES.

      h.      Information evidencing occupancy or ownership of the premises described above, including, but not limited to, utility and telephone bills, mail envelopes, or addressed correspondence; credit card information including but not limited to bills and payment records.

      i.      Information evidencing whereabouts of person(s) residing at the premises described above or associated with the computers or electronic devices found at the premises described above, including but not limited to, calendars, diaries; correspondence; credit cards; credit card or purchase receipts,

      j.      For any computer hard drive or other electronic media found to contain information otherwise called for by this warrant:
1. Evidence of software that would allow others to control the computer, such as viruses, Trojan horses, and other forms of malicious software;
2. Evidence of the lack of such malicious software;
3. Evidence of the attachment to the computer of other storage devices, disks, CD-ROMs, or similar containers for electronic evidence; and
4. Documentation and manuals that may be necessary to access or conduct an examination of the computer.

      k.      Information relating to the install date of the computer(s) operating system, presence of file-sharing programs (including install date, whether the program was set up for sharing, etc.) or other programs for distribution of electronic files including child pornography or visual depictions of minors engaged in sexually explicit conduct, as defined in 18 U.S.C. § 2256.

      l.      Any and all usernames, email accounts, or online identities that may have been used for the sexual exploitation of minors or for communications with individuals sharing an interest in the sexual exploitation of children.

      m.      A cellular telephone device and any storage devices, such as SIM cards or flash memory devices attached to, inserted in or seized with the device, will be analyzed and the following data will be seized only to the extent that it contains or depicts evidence of

violations of 18 U.S.C. § 2252, including evidence reflecting use, dominion and control of the device:

       1.     Communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

           a.     tending to indicate efforts to distribute, receive, possess or view images of, minors engaged in sexual explicit conduct;

           b.     tending to identify other facilities, storage devices, or services–such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to indicate the presence of images of minors engaged in sexually explicit conduct;

           c.     tending to identify co-conspirators, criminal associates, or others involved in the distributing, receiving or possessing of images of minors engaged in sexually explicit conduct;

           d.     tending to identify travel to or presence at locations that concern the existence of images of minors engaged in sexually explicit conduct;

           e.     tending to identify the user of, or persons with control over or access to, the subject phone; or

           f.     tending to place in context, identify the creator or recipient of, or establish the time of creation, receipt or modification of communications, records, or data above.